IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,                        ORDER

   v.

                                                   10-cv-485-slc

DARCI BURRESON, *et al.*

                Defendants.

---

In an order entered in this case on September 20, 2010, I assessed plaintiff an initial partial payment of the $350 filing fee in the amount of $1.05 and gave him until October 5, 2010, in which to submit his payment. Now plaintiff has filed letters dated September 21, 2010, and September 23, 2010 and a trust fund account statement for July through September, 2010. I construe these documents as a motion to waive the initial partial payment. In his motion, plaintiff says that he does not have the funds to pay the $1.05 initial partial payment in either his regular account or his release account.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Plaintiff's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In <u>Newlin v. Helman</u>, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to

> pay the initial partial filing fee. A prisoner with periodic income
> has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate plaintiff's initial partial payment based on information he provided in his inmate account balance statement at the time of filing. This statement showed that for the six-month period immediately preceding the filing of the complaint, plaintiff received some deposits to his account. Plaintiff's statement also shows that any income that he received is automatically deducted. However, that does not mean that plaintiff will be unable to make the payment he has been ordered to pay in this case. Initial partial payments assessed under § 1915(b)(1) are to receive priority over plaintiff's other debts. Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000) (initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that plaintiff has other debts and obligations does not prevent him from utilizing new deposits to make the $1.05 payment he has been assessed in this case.

It may well be that plaintiff will be able to pay the initial partial payment he has been assessed from the next deposit to his account. Therefore, I am willing to allow him an extension of 30 days in which to pay the initial partial filing fee. If, however, by November 8, 2010, plaintiff is unable to pay the initial partial payment, I will consider that he has

withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

## ORDER

IT IS ORDERED that

1. Plaintiff Damien Green's motion to waive the initial partial payment (dkt. #7) is DENIED.

2. Plaintiff may have an enlargement of time to November 8, 2010, in which to submit a check or money order made payable to the clerk of court in the amount of $1.05. If, by November 8, 2010, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 8th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge