IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAMIEN GREEN,

                               Plaintiff,                                  ORDER

        v.                                                              10-cv-485-slc

DARCI BURRESON, *et al.*,

                               Defendants.

Plaintiff Damien Green has filed a notice of appeal in which he states that he wishes to appeal the order dismissing his lawsuit with prejudice.  However, I note that this case has not yet been fully adjudicated.

On September 14, 2011, I entered an order granting defendants' motion for partial summary judgment on plaintiff's Eighth Amendment deliberate indifference claim concerning plaintiff's testicular pain and dismissed all defendants except Dalia Suliene without prejudice for plaintiff's failure to exhaust his administrative remedies on this claim.

On September 22, 2011, plaintiff filed a letter addressed to Judge Crabb disagreeing with my September 14 order.  As I explained to plaintiff in an order entered on September 27, 2011, because he had consented to my jurisdiction he could not appeal my decision to Judge Crabb, rather his remedy would be to appeal to the United States Court of Appeals for the Seventh Circuit after a final order had been entered.  Plaintiff has now filed an appeal, but because the September 14, 2011 order is not a final order, I understand plaintiff to be asking for certification that he can take an interlocutory appeal under 28 U.S.C. §1292(b).

28 U.S.C. § 1292(b) states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which

> there is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing
> in such order.

There is not a substantial ground for a difference of opinion on the question whether plaintiff exhausted his administrative remedies. Therefore, I will deny plaintiff's request for certification that he can take an interlocutory appeal from the September 14, 2011 order.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. I will construe his notice of appeal as including a request to proceed *in forma pauperis* on appeal. A district court has authority to deny a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request because I certify that his appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial

2

of leave to proceed *in forma pauperis* on appeal.  Instead, it may require him to pay the entire $455 filing fee before it considers his appeal.  If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1.  Plaintiff Damien Green's motion for the court to certify that an interlocutory appeal may be taken from the June 22, 2010 order in this case, dkt. 90, is DENIED.

2.   Plaintiff's request for leave to proceed *in forma pauperis* on appeal, dkt. 90, is DENIED.  The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 10th  day of February, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge